# The American Merchants' Union Express Co.

*v.*

# Emma Gilbert.

1. Evidence—*competency—motion to exclude.* A party to whom a package, purporting to contain money, had been sent by express, upon calling for it at the place of destination, found it open and containing nothing but pieces of paper of no value. In a suit against the company to recover for the alleged loss, the agent who gave the package to the plaintiff, gave his testimony by deposition, and among the interrogatories in the commission, was this: "State what occurred, fully and in detail, at the time the plaintiff called for the package?" The witness stated, in his answer, a conversation between himself and an assistant superintendent of the company, had out of the presence of the plaintiff, in which the witness spoke unfavorably of the claim of the plaintiff, and also suggested that the package had been opened by his predecessor in the office. On motion of the defendant to exclude from the jury all such portions of the answer as were irrelevant and improper, the court should have excluded all of the private conversation between the two agents of the company, as well that portion unfavorable to the plaintiff, as that adverse to the interests of the defendant, all that part of the answer being incompetent.

2. This private conversation between the agents was not responsive to the question, and though it was given under the interrogatory of the defendant, it was not chargeable to any agency of its own, and therefore the defendant was not precluded from asking its exclusion.

Appeal from the Superior Court of Chicago; the Hon. William A. Porter, Judge, presiding.

This was an action brought by Emma Gilbert against the American Merchants' Union Express Company, to recover for the alleged loss by the defendant of the sum of $1000 delivered, as alleged, by the plaintiff, in a sealed envelope addressed to herself, to the defendant, at its office in Chicago, for transportation to New York. It appeared, upon the plaintiff calling for the package at the latter place, it was found to be open at one end, and, upon examination, to contain slips

of paper instead of money.   James W. Hutt, the cashier of
the defendant at its office in New York, and who handed
the package to the plaintiff when called for by her, after first
sealing up the open end in the presence of the plaintiff, upon
her opening it and stating that it did not contain money,
referred her to the superintendent, whose office was up stairs,
where she went, and shortly afterwards C. G. Clark, the assist-
ant superintendent sent for Hutt, and inquired of him what
he knew about it.   Hutt told him if he would step into another
room he would tell him what he knew about the package, and
there, out of the presence of the plaintiff, he stated to Clark
various matters concerning it, and who he supposed had
opened the package, naming in that connection Mr. C. K.
Williams, the former cashier of the defendant at that office,
whom Hutt had succeeded but a short time previously, and
since the receipt of the package at that office.   The testimony
of Hutt, taken by deposition, under a commission issued at the
instance of the defendant, was read in evidence on the trial,
and the question arises as to the ruling of the court in refusing
to exclude, on motion of the defendant, certain portions of
his testimony from the jury.

Messrs. JEWETT, JACKSON & SMALL, for the appellant.

Messrs. BENNETT & ULLMAN, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

On the 31st day of July, 1869, Emma Gilbert, the appellee,
delivered at the Chicago office of the American Merchants'
Union Express Company, the appellant, a package enclosed in
one of appellant's ordinary money envelopes, sealed and
addressed to herself, in New York, and purporting to contain
$1000.   It appears from the testimony that, on the same day
it was placed, with a number of similar packages, in appel-
lant's "through safe," the keys of which were kept only at

each end of the route, and transmitted to New York, where it arrived on the 2d day of August, 1869, and lay uncalled for until the 28th day of said month; on which day it was called for by the appellee, when it was taken from the safe, and found to be open at one end; an examination was at once made of the contents, which were found to be slips of newspaper cut into the shape of bank bills, and wrapped in two sheets of foolscap paper.

The newspaper slips, on examination, proved to have been cut from a weekly paper published in Philadelphia, and called "The Saturday Night," one slip bearing date July 31, 1869, the day the package was deposited in the express office at Chicago. It appeared that the paper was issued from one to two weeks in advance of its date, and that Mrs. Cooper, the sister of the appellee, who was present at the time of the making up of the package, took said newspaper during the months of June and July, 1869.

The package was made up in the depot of the Illinois Central Railroad Company, at Kankakee, Ill. in the presence and with the assistance of H. C. Cooper, a brother-in-law of the appellee, and a clerk in the freight office of the company at that place; and it appeared from the testimony of stationers, that the foolscap paper in the package which enclosed the said newspaper slips, was identical in color, thickness, ruling and texture, with that used in the railroad office at Kankakee; that they were run through the mill at the same time, and were of the same batch of paper, the witnesses testifying that they could so tell almost beyond a doubt.

This was an action against the appellants, as common carriers, to recover for the alleged loss of the $1000.

The trial below resulted in a verdict and judgment for the appellee, and the grounds relied upon here for the reversal of the judgment are, the refusal of the court to grant a new trial, because the verdict was contrary to the evidence, and the court erred in refusing to exclude certain testimony from the jury.

The evidence by no means establishes a clear case for the plaintiff, but we shall forbear from commenting particularly upon the evidence, or expressing any further opinion upon its weight, as another trial of the case will be awarded, for the error in refusing to exclude testimony.

The testimony of James W. Hutt, the cashier of appellant, at New York, was taken by deposition. The tenth interrogatory in the commission issued to take his deposition, was as follows, viz : " State what occurred, fully and in detail, at the time the plaintiff called for the package ? "

The answer of the witness was very lengthy, stating fully what took place, and the conversation that was had in the presence of the plaintiff, and he stated that on her opening the package, and saying that it did not contain money, he referred her to the superintendent, whose office was up stairs, and she went up to his office. Shortly afterwards C. G. Clark, the assistant superintendent, sent for the witness up stairs, and inquired of him what he knew about it, and the witness told him if he would step into another room he would tell him what he knew about the package. He accordingly did so, and there, out of the presence of the plaintiff, the witness stated to Clark what kind of an attempt he thought it was on the part of the plaintiff, and what judgment he had formed in regard to her character, it being testimony unfavorable to her, and then followed these sentences in his answer : " That I thought very likely Mr. C. K. Williams knew that the package was open, inasmuch as he had remarked that he thought the package was bogus. I also said to Mr. Clark that as soon as Mr. Williams came in, the probability was, that he would explain it. I also stated to Mr. Clark at the time, that the probability was that Mr. Williams had opened it himself. "

The defendant's counsel asked the court to exclude all that portion of the answer of James W. Hutt to the tenth direct interrogatory, which related to his supposing or inferring that Williams opened the package, which the court refused to do. The defendant's counsel then asked the court to exclude all of

the answer which was irrelevant and improper; which the court likewise refused to do; and the rulings of the court in these respects are assigned as error.

The whole of this private conversation between two agents of the express company, out of the presence of the plaintiff, was manifestly incompetent, and the whole, or any distinct part of it, should have been excluded on motion of either party. The part of the conversation in relation to Williams did not qualify the former part of it, in regard to the plaintiff; and it should have been excluded on the defendant's motion; and had the plaintiff desired to have excluded the remaining portion of the answer unfavorable to her case, she could have moved the court to exclude it. On denying the defendant's motion to exclude a portion of that conversation, when the defendant's counsel thereupon moved to exclude all of the answer which was irrelevant and improper, the court should have excluded all of this separate conversation between these two agents, the motion, doubtless, having reference to that.

This portion of the answer was not properly responsive to the interrogatory of the defendant; and the defendant was not chargeable with any agency of its own, in its being admitted under the interrogatory, by the commissioner.

The testimony objected to was well calculated to prejudice the case of the defendant, by creating the impression that Williams had improperly opened the package.

For error in refusing to exclude this testimony, the judgment is reversed and the cause remanded.

*Judgment reversed.*